IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Isaiah R. Rivers,                                                  Plaintiff,    v.     Science Applications International Corporation, d/b/a/ SAIC,                               Defendant. | Civil Action No. 2:18-cv-1126-BHH<br><br>**ORDER** |

This matter is before the Court upon Plaintiff Isaiah R. Rivers' ("Plaintiff" or "Rivers") second amended complaint against Defendant Science Applications International Corporation, d/b/a SAIC ("Defendant" or "SAIC"), alleging the following claims: (1) racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, and 42 U.S.C. § 1981 ("first cause of action"); and (2) retaliation in violation of Title VII and § 1981 ("second cause of action").

Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that Plaintiff has failed to sufficiently allege the timely exhaustion of his administrative remedies with respect to his claims under Title VII and that Plaintiff has failed to set forth sufficient factual allegations to state a claim on which relief can be granted as to all of his claims. Plaintiff filed a response in opposition to Defendant's motion, and Defendant filed a reply.

In accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g), D.S.C., United States Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court

grant in part and deny in part Defendant's motion to dismiss. Defendant filed written objections to the Magistrate Judge's Report; Plaintiff filed a response to Defendant's objections; and Defendant filed a reply. For the reasons set forth below, the Court declines to adopt the Magistrate Judge's Report in full and adopts it only to the extent it is consistent with this order.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### II. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content

allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Supreme Court has explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 678.

## **BACKGROUND**

The Magistrate Judge's Report sets forth the relevant facts in detail, and no party has objected to this portion of the Report. Accordingly, the Court incorporates the background section of the Report and repeats only what is necessary for purposes of this order.

According to Plaintiff's second amended complaint, Plaintiff, who is an African-American, began working for Defendant in 2008 and worked effectively and efficiently for Defendant on assignment in Kuwait and Qatar. (ECF No. 28 ¶¶ 3, 11.) Plaintiff alleges that he applied for the available position of Theater Lead, a role that was responsible for the daily operations of Qatar, Kuwait, and Afghanistan. (*Id.* ¶¶ 13, 15.) Plaintiff asserts that he was told he had to have a certain level of training to get the job and that he had the training. (*Id.* ¶ 14.) Plaintiff asserts that he and other similarly situated African Americans were passed over for the position in favor of a white employee, Wes Hahn ("Hahn"), and that "rumors began that Mr. Hahn had not completed the training the Plaintiff was told was required for the job." (*Id.* ¶ 16.) Plaintiff asserts that project manager Tony Trodglen ("Trodglen") offered him a position in Afghanistan, which was considered the worst position

due to less pay and worse living conditions. (*Id.* ¶ 19.) Plaintiff also claims that Hahn "would repeatedly walk into Plaintiff's room unannounced and would constantly raise his voice and curse at Plaintiff using derogatory terms to describe him," and that Hahn forced Plaintiff "to perform work duties out of his job description, including forcing the Plaintiff to work longer hours than other white employees at the same level." (*Id.* ¶ 20.) Plaintiff asserts that he complained to Trodglen and a Human Resources representative about Hahn's behavior but nothing was done. (*Id.* ¶ 21.) Plaintiff claims that Hahn told him he could not speak with project managers and demanded the Plaintiff refer to him as "boss." (*Id.* ¶ 22.) Plaintiff also claims that after his complaints, Hahn constantly threatened to send Plaintiff home, and Plaintiff asserts that Trodglen and Hahn retaliated against him after his reports of discrimination by sending him home to the States and replacing him. (*Id.* ¶¶ 23-24.)

## DISCUSSION

### *Hostile Work Environment*

As an initial matter, no party has timely objected to the Magistrate Judge's finding that Plaintiff's second amended complaint fails to plead a hostile work environment claim, and the Court agrees with the Magistrate Judge's thorough analysis on this point. Accordingly, the Court adopts and incorporates this section of the Magistrate Judge's Report and grants Defendant's motion to dismiss to the extent Plaintiff attempts to allege a hostile work environment claim. (*See* ECF No. 38 at 15-16.)

### *Retaliation (Second Cause of Action)*

Next, no party has timely objected to the Magistrate Judge's findings as to Plaintiff's

second cause of action alleging retaliation in violation of Title VII and § 1981.  In her Report, the Magistrate Judge found that Plaintiff's second cause of action (pursuant to Title VII) does not exceed the scope of his Administrative Charge and that it was reasonable to infer that Plaintiff timely exhausted his administrative remedies with respect to at least some of the alleged retaliatory acts.  Further, the Magistrate Judge found the allegations of Plaintiff's second amended complaint sufficient to allege a prima facie claim of retaliation under Title VII and/or § 1981, noting that Plaintiff alleges that: (1) he engaged in protected activity by complaining to Trodglen about the allegedly discriminatory conduct; (2) Defendant took adverse action against him by threatening to send him home and later sending him home; and (3) a plausible causal connection exists between the protected activity and the allegedly retaliatory conduct.[1]

After review, and without any objection from the parties, the Court agrees with the Magistrate Judge's analysis as to Plaintiff's second cause of action and finds no basis to disturb her findings.  Accordingly, the Court adopts this portion of the Report and denies Defendant's motion to dismiss as to Plaintiff's second cause of action for retaliation in violation of Title VII and § 1981.

### *Discrimination (First Cause of Action)*

#### a.    *Failure to Timely Exhaust Administrative Remedies under Title VII*

Next, as to Plaintiff's alleged failure to timely exhaust his administrative remedies

---

[1] As the Magistrate Judge explained, to state a prima facie claim of retaliation under either Title VII or § 1981, a plaintiff must allege that (1) he engaged in protected activity under Title VII or § 1981; (2) the defendant took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse action. *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015).

with respect to his racial discrimination claim under Title VII,[2] the Magistrate Judge correctly explained that a claimant is required to file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory act or acts, or, if the alleged discrimination occurred in a "deferral state," then within 300 days of the alleged discriminatory act or acts if the claimant initially institutes proceedings with the appropriate state agency, or within thirty days of the state agency's termination of its proceedings, whichever is earlier.  *See* 42 U.S.C. § 2000e-5(e).  South Carolina is a deferral state, with the appropriate state agency being the South Carolina Human Affairs Commission ("SCHAC").

As the Magistrate Judge also correctly explained, a charge of discrimination "defines the scope of the plaintiff's right to institute a civil suit." *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124 (4th Cir. 2002) (citing *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000)).  However, "[a]n administrative charge of discrimination does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Id.* (citing *Chisolm v. United States Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981)).  Thus, "plaintiffs may bring Title VII claims for the first time before a district court, so long as they are like or reasonably related to charges in the original administrative complaint, and if they reasonably could have developed from the agency's investigation of the original complaint." *Stewart v. Iancu*, 912 F.3d 693, 705 (4th Cir. 2019) (citations omitted).

---

[2] As the Magistrate Judge properly noted, Plaintiff's claims for racial discrimination and retaliation under § 1981 have no exhaustion requirement and thus cannot be barred by any alleged failure to exhaust administrative remedies.

6

Here, Plaintiff filed his Administrative Charge on or around July 17, 2017.[3] (ECF No. 32-2.) Therefore, Plaintiff's Title VII claims ordinarily would have had to have arisen on or after September 20, 2016, to be viable. 42 U.S.C. § 2000e-5(e). In his Administrative Charge, Plaintiff asserts that he "was overlooked for a leadership position which was given to Mr. Hahn, who was the last guy hired on our crew and who was less qualified than other African Americans." (ECF No. 32-2 at 3.) Plaintiff also alleges that he was subject to harassment and discrimination when he was not given the opportunity to advance at his current base and that he was retaliated against as a result of complaining about his treatment to his supervisor. (*Id.*) As an example of the alleged harassment, Plaintiff asserted that emails regarding Hahn's behavior were not addressed and that he feared he would lose his job because of his complaints. (*Id.*)

In her Report, the Magistrate Judge found the allegations of Plaintiff's first cause of action for racial discrimination in violation of Title VII to be reasonably related to those set forth in his Administrative Charge. Next, the Magistrate Judge found that although neither Plaintiff's administrative charge nor his second amended complaint allege dates for when the alleged discrimination occurred, it was "reasonable to infer–for purposes of the Motion to Dismiss only–that at least some of the alleged discriminatory acts occurred on or after September 20, 2016." (ECF No. 38 at 9.)

In its objections, Defendant asserts that the Court should reject the Magistrate Judge's finding that Plaintiff timely filed his charge of discrimination because nowhere does

---

[3] The Court may consider Plaintiff's Administrative Charge in connection with Defendant's motion to dismiss, as it is a document "integral to and explicitly relied on in the complaint." *E.I. duPont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

Plaintiff allege when he was allegedly passed over for the promotion. Therefore, Defendant argues, Plaintiff has failed to allege that he timely exhausted his administrative remedies with respect to his failure to promote claim.

After review, the Court agrees with Defendant. As an initial matter, Defendant is correct that the law requires a Title VII Plaintiff to "allege and prove filing of a *timely* charge of discrimination with the Equal Opportunity Commission." *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979) (emphasis added).[4] As Magistrate Judge Marchant explained in *Waiters v. SAIC*, a separate case arising out of the same circumstances, "Plaintiff should himself know (and therefore be able to factually allege) when he applied for the position, and he should also know when he should have, or did, become aware that the (allegedly) less qualified Hahn received the position."[5] *Waiters v. SAIC*, No. 2:17-3227-BHH (D.S.C. May 10, 2019) (ECF No. 63 at 7) (finding that Waiters failed to allege facts sufficient to overcome the defendant's challenge to the timeliness of Waiters' charge with respect to this promotion). Importantly, nowhere does Plaintiff allege when *any* of the complained-of conduct occurred, including any of the alleged acts of disparate treatment. This information is clearly within Plaintiff's control, yet Plaintiff has now failed to allege these necessary facts four times, first in his Administrative Charge and then in three filed complaints in this action. Because this information is necessary for Plaintiff to sufficiently allege the filing of a timely charge of discrimination, the Court

---

[4] The Magistrate Judge found Plaintiff's allegation that he complied with all conditions precedent by filing a charge of employment discrimination (*see* ECF No. 28 ¶ 2) sufficient to comply with the law, but the undersigned finds that more is required under the circumstances. Specifically, Plaintiff must allege facts showing that he *timely* filed a charge of discrimination.

[5] As the Magistrate Judge correctly explained, the continuing violation doctrine does not apply to Plaintiff's failure to promote claim. *See Williams v. Giant Food, Inc.*, 370 F.3d 423, 429 (4th Cir. 2004).

sustains Defendant's objections on this issue and finds that Plaintiff cannot avoid dismissal of his Title VII discrimination claim by simply asking the Court to assume that the complained-of conduct occurred within the applicable 300-day time limit. Accordingly, the Court declines to adopt this portion of the Magistrate Judge's Report and instead grants Defendant's motion to dismiss as to Plaintiff's first cause of action for discrimination in violation of Title VII, whether based on a failure-to-promote theory or a disparate treatment theory.

### b. Sufficiency of the Pleading under Title VII and 42 U.S.C. § 1981

After considering Defendant's argument that Plaintiff has failed to state a plausible claim of race discrimination, the Magistrate Judge found that the allegations of Plaintiff's second amended complaint are sufficient to state a prima facie case of discrimination in violation of Title VII and § 1981 because Plaintiff alleges that: (1) he is a member of a protected class; (2) he was qualified for the position of Theater Lead and was performing his job duties well; (3) he suffered an adverse employment action when he did not receive the position; and (4) Hahn, who is white and who allegedly had not completed the requisite training, received the position instead.[6]

While the Court agrees with the Magistrate Judge that Plaintiff has alleged a prima facie case of discrimination under Title VII and § 1981 based on the alleged failure to promote him, Defendant objects that the Magistrate Judge overlooked a separate argument

---

[6] As the Magistrate Judge noted, the *McDonnell Douglas* framework applies to Plaintiff's race-based discrimination and retaliation claims under Title VII and § 1981. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework, a plaintiff alleges a prima facie case of discrimination by showing that: (1) he is a member of a protected class; (2) he had satisfactory job performance; (3) he was subjected to an adverse employment action; and (4) similarly situated employees outside the protected class were treated more favorably.

9

as to Plaintiff's allegations of disparate treatment; specifically, Defendant asserts that the Magistrate Judge overlooked its argument that Plaintiff fails to allege sufficient facts showing that any acts of disparate treatment were adverse employment actions or were motivated by racial animus.  While Defendant is correct that the Magistrate Judge did not specifically consider this issue, the Court is not ultimately convinced by Defendant's argument, at least at this stage in the proceedings.  Rather, after accepting the allegations of Plaintiff's second amended complaint as true, and drawing all reasonable inferences in favor of Plaintiff, the Court finds that Plaintiff's disparate treatment claims should be allowed to proceed at this time pursuant to § 1981.[7]  In other words, the Court is not convinced that Plaintiff's complaints about Hahn's conduct involved merely trivial concerns or general workplace grievances.  Accordingly, the Court overrules Defendant's objections on this point and finds that Plaintiff's disparate treatment allegations are sufficient to survive Defendant's Rule 12(b)(6) motion.

As a final matter, Defendant specifically objects to any implicit recommendation by the Magistrate Judge to permit any discrimination claim based on the allegation that Plaintiff was offered a position in Afghanistan.  After review, the Court does not read Plaintiff's second amended complaint to state a specific discrimination claim based on the allegation that Plaintiff was offered a position in Afghanistan.  Rather, this appears to be a factual allegation related to Plaintiff's failure-to-promote claim.  Regardless, however, the Court agrees with Defendant that Plaintiff's allegation that he was merely *offered* a position in

---

[7] The Court has already found that Plaintiff's first cause of action for race discrimination in violation of Title VII is subject to dismissal based on Plaintiff's failure to show the timely exhaustion of administrative remedies.

Afghanistan, without more, does not allege an adverse employment action.

## CONCLUSION

For the foregoing reasons, the Court sustains in part and overrules in part Defendant's objections (ECF No. 39) to the Magistrate Judge's Report (ECF No. 38), and the Court adopts the Magistrate Judge's Report only to the extent it is consistent with this order.  The Court grants in part and denies in part Defendant's motion to dismiss (ECF No. 32).  Specifically, the Court grants the motion as to any hostile work environment claim, and the Court grants the motion as to Plaintiff's first cause of action alleging race discrimination in violation of Title VII (based on Plaintiff's failure to show the timely exhaustion of administrative remedies).  Next, however, the Court denies the motion as to Plaintiff's first cause of action alleging race discrimination in violation of § 1981, and as to Plaintiff's second cause of action alleging retaliation in violation of Title VII and § 1981.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 4, 2021
Charleston, South Carolina